JOHN S. MORKEN (SBN 028995)
760 Market Street, Suite 938
San Francisco, CA 94102
Tel:     (415) 391-6140
Fax:     (510) 391-5977
Email:  jomork@aol.com

Attorney for Debtor
SAGE CREEK RANCH, LLC.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | ) |
| | )    Case No. 07-31657 |
|      SAGE CREEK RANCH, LLC     ) | |
| | )    Chapter 11 |
|      Debtor | ) |
| | )    Hearing Date: May 9, 2008 |
| | )    Time:          1:30 p.m. |
| | )    Dept:          22nd Floor |
| | )    Judge:         Hon. Dennis Montali |
| _____ | ) |

**TRIAL BRIEF OF DEBTOR SAGE CREEK RANCH**
**REGARDING SINGLE ASSET REAL ESTATE**

Debtor, SAGE CREEK RANCH, LLC, ("Debtor")submits this trial brief for the Court's

consideration to decide whether or not the Chapter 11 bankruptcy case of Debtor is a single asset

real estate case under 11 U.S.C. §101(51B) and subject to the terms set forth in that section.

**STATEMENT OF FACTS**

Debtor filed its Chapter 11 petition on December 20, 2007. The petition filed by Debtor

checked the box indicating that the business operation of the debtor was that of a single asset real

estate business. At a deposition of the Debtor's responsible individual, Michael Ohayon, held on

April 30, 2008, Mr. Ohayon testified that the petition was filed on a rush timetable because of an

impending foreclosure sale. That the designation set forth was a mistake. It was also noted by Mr.

Case: 07-31657    Doc# 42    Filed: 05/06/08    Entered: 05/06/08 21:20:50    Page 1 of 5

Ohayon that there were other erroneously checked boxes on the original Petition including the check of the box estimating liabilities at $0 to $50,000.00 rather than 1 million to 100 million. The petition also contains an error in the date of the signature of the debtor's attorney and the date of the signature of the Debtor both indicating the date of signing as November 20, 2007 when in fact the petition was signed on December 20, 2007.

These errors were due to the urgency of filing the petition so that the pending sale of the Debtor's property might be stayed. Debtor's attorney, Mr. Morken typed the documents himself and has admitted his errors.

Until The Relief from Stay proceeding commenced by creditor Investment Grade Loans, the issue of whether or not this was a Single Asset Real Estate case was never considered, the issue not having been discussed at the 341 meeting of creditors and no Status Conference concerning this case had been held.

Mr. Ohayon testified that it was a mistake to classify the Debtor's Chapter 11 bankruptcy as a single asset real estate matter.

Mr. Ohayon further testified that the Debtor originally purchased 15 parcels each containing a minimum of 60 acres. The Debtor presently owns three residential parcels each with different loan structures. Two of the parcels are contiguous while the third is approximately one-half mile distant from the others.

Mr. Ohayon further testified that grading, roads and bridges have been commenced on the property and that each parcel constitutes a viable and substantial real estate project.

The Debtor has had the three parcels of property separately appraised and the values of each

Case: 07-31657    Doc# 42    Filed: 05/06/08    Entered: 05/06/08 21:20:50    Page 2 of 5

are as follows:  APN 025-290-028 - $2,800,000.00;  APN 032-460-012 - $3,200,000.00; and APN 025-290-027 - $2,700.000.00.  The total indebtedness of Debtor is approximately $5,570,000.00and the equity in the property adequately protects the secured creditors.     The Debtor submitted a viable Plan and Disclosures on April 16, 2008 which Plan would pay all secured and unsecured creditors of Debtor.

ARGUMENT

1.     DEBTOR IS NOT A SINGLE ASSET REAL ESTATE DEBTOR WITHIN THE MEANING OF THE BANKRUPTCY CODE

11 U.S.C. § 101(51B) defines "single asset real estate" for bankruptcy purposes as:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4- residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

By the very definition of single asset real estate Debtor fails to meet the qualifying standard. Debtor has three parcels of residential real property each with a separate and distinct Assessors Parcel Number.  The loans provided for the properties were distinct and different and each property was a distinct and separate property.

If the Debtor's property is deemed a single real estate development then the court should consider that each parcel can only be developed for one residence.  Mr Ohayon at his deposition testified that the size of each parcel was "grandfathered" and although the minimum size for a residential development is now 160 acres these parcels are exempt.  As such only three residential units can be placed on the property owned by Debtor and as such the property has less than 4 residential units.

---

TRIAL BRIEF                                         SAGE CREEK RANCH,  DEBTOR – CHAPTER 11

3

The boxes checked on the original Petition were done in haste without proper review and consideration. Debtor has filed and Amended Petition checking the "Other" and that it is a multi parcel real estate developer.

2.    DEBTOR DOES NOT FIT THE CIRCUMSTANCES FOR ALLOWING EXTRAORDINARY RELIEF TO ITS CREDITORS.

In its analysis of "single asset real estate" the court in In re Kkemko, Inc 181 B.R. 47 stated "In closing, we remark that in enacting §§ 101(51B) and 362(d)(3), providing for extraordinary expedition in single asset real estate cases, Congress was motivated by a desire to accord relief in a particular familiar bankruptcy situation. That situation is where the owner of an encumbered building is attempting to avert loss of his building to his major lender who is grossly undersecured, and where there is no real hope that the owner can come forth with a viable confirmable Chapter 11 plan. The present situation, in any case, has not been shown to fit within that scenario."

The Debtor in this case does not fit within that scenario. The creditors are not grossly undersecured and the Debtor has submitted to the Court a viable and confirmable plan that will provide full payment to its creditors.

3.    IF DEBTOR FALLS WITHIN 362(d)(3) IT SHOULD BE ALLOWED 30 DAYS TO FILE A PLAN OR COMMENCE INTEREST PAYMENTS

11 U.SC § 362(d)(3) provides for expedited relief against debtors determined to be single asset real estate entities. That section states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or condition such stay –

(3) With respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the

Case: 07-31657   Doc# 42   Filed: 05/06/08   Entered: 05/06/08 21:20:50   Page 4 of 5

date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90 day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –

(A)  The debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that -

The code clearly states, "30 days after the court determines that the debtor is subject to this paragraph".  In this matter the court should it grant Petitioner's relief from stay must determine that the debtor is subject to 11 U.SC § 362(d)(3).   If it does not then Petitioner can have no relief under § 362(d)(3). Should the court determine Debtor is a single asset real estate company because of the original Petition filed in this matter, or for other reasons presented to the court, it nevertheless must determine Debtor is a single asset real estate company under § 362(d)(3); when it makes that determination Debtor, under the code, has 30 days to file a plan of reorganization that has reasonable possibility of being confirmed.  Debtor has filed such a plan and will upon conclusion of this matter proceed with a Disclosure Statement Hearing and Confirmation Hearing.

CONCLUSION

There is ample evidence that Debtor was mistaken in representing that it is a single asset real estate petitioner and that it was not the type of entity envisioned under §§ 101(51B) and 362(d)(3). Further should the Court determine Debtor is subject to 362(d)(3) then it is entitled to the 30 day provisions set forth in 11 U.S.C. 362(d)(3).

Dated:  January 6, 2008.

/s/ John S. Morken
_____
John S. Morken
Attorney for Debtor
SAGE CREEK RANCH, LLC

Case: 07-31657   Doc# 42   Filed: 05/06/08   Entered: 05/06/08 21:20:50   Page 5 of 5